[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant, James D. Morrow, appeals from his conviction and sentence for operating a motor vehicle without reasonable control, in violation of R.C. 4511.202, which was entered on his plea of no contest.
FIRST ASSIGNMENT OF ERROR
 THE JUDGE SYSTEMATICALLY ERRORED IN OVERRULING ALL APPELLANT'S MOTIONS INCLUDING, MOTION TO DISMISS FOR LACK OF JURISDICTION IN TOTO; MOTION TO SUPPRESS; MOTION TO DISMISS FOR LACK OF SPEEDY TRIAL; CORRECT PERJURIOUS RECORDS; STRIKE PERJURIOUS RECORDS.
Defendant-Appellant has failed to articulate any particular error that the trial court committed when it denied his motions, referring instead to the portions of the trial court docket where the motions were made and denied.
The function of the appellate process is not to allow a "second bite of her apple," but to resolve alleged errors that the trial court committed that are reversible. Thus, App.R. 16(A) sets up the requirements of an appellant's brief. Morrow has wholly ignored those requirements, relying on cursory references to the trial court's record to support the same claims he made in the trial court. We are unable to resolve, or even identify, any error on that basis.
The first assignment of error is overruled.
THE SECOND ASSIGNMENT OF ERROR
 APPELLANT'S AFFIDAVIT OF BIAS AND PREJUDICE WAS SUBJECTED TO "MEANINGLESS" DILATORY PROCEEDINGS.
Morrow filed an affidavit of bias and prejudice against the municipal court judge to whom his case was assigned, per R.C.2701.031, on September 3, 1996. The motion was denied by a judge of the court of common pleas on December 3, 1996. Morrow does not explain what prejudice he suffered as a result of the time interval between the motion and the court's decision, or how the court erred in making that decision. Neither do we see any.
The second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
 APPELLANT'S MOTION TO CORRECT PERJURIOUS RECORDS AND ORDER FINDING PROSECUTOR MAYER IN CONTEMPT OF COURT SHOULD HAVE BEEN GRANTED.
With respect to the particular error alleged, Morrow argues that the court's decision of October 6, 1997, ruling on his motions failed to comply with the requirements of "Rule 11(E) of OTR." We are unable to determine what rule or requirement Morrow relies on. Therefore, we cannot resolve the error alleged.
The third assignment of error is overruled.
FOURTH ASSIGNMENT OF ERROR
 APPELLANT WAS "COERCED INTO ENTERING NO CONTEST" PLEA TO ILLEGAL AMENDED "UNCRIME" OF "REASONABLE CONTROL" RESULTING IN COURT'S REFUSALS TO ENTER "FINAL JUDGMENT" OF CONVICTION AND SENTENCE WHICH INHERITABLY DIVESTS THIS COURT OF JURISDICTION TO ENTERTAIN THIS CAUSE.
Morrow argues that his right to a fair trial was prejudiced by the proceedings against him. However, Morrow's subsequent plea of no contest waived the trial rights of which he claims he was denied. With respect to that plea, Morrow argues that it was coerced, and that the trial court committed "lies and perjuries" with respect to his conviction and the penalties imposed.
We are limited in our review to the record of this proceeding. The record of Morrow's plea reveals none of the defects he alleges on appeal.
The fourth assignment of error is overruled.
FIFTH ASSIGNMENT OF ERROR
 THE ENTIRE SENTENCING PROCEEDINGS WERE ILLEGAL AND MULTIPLE FATALLY DEFICIENT AND IN VIOLATIONS OF RULE 11 OF ORCP; RULE 32 AND O.R.C. SEC. 2929.22.
Morrow alleges that he was not charged with the offense of which he was convicted. Morrow was charged with operating a motor vehicle while under the influence of alcohol, in violation of R.C.4511.19(A). The charge was amended pursuant to Crim.R. 7(D) to allege the offense of operating a vehicle without reasonable control. Morrow was convicted of that offense on his plea of no contest, which waives any error that may have occurred when the charge was amended.
Morrow also argues that the trial court erred when it imposed a fine that he was unable to pay. The defects Morrow alleges were not timely brought to the court's attention, and are waived.
Morrow further claims that he was denied his right of allocution before sentence was imposed. The record does not portray that alleged defect.
The fifth assignment of error is overruled.
SIXTH ASSIGNMENT OF ERROR
 THE TRIAL JUDGE WAS BIAS AND PREJUDICE AGAINST APPELLANT AND APPELLANT DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
 A defendant who claims that his attorney was constitutionallyineffective must affirmatively demonstrate how he was prejudicedas a result. Strickland v. Washington (1984), 466 U.S. 668.Morrow complains of his counsel's failures, but has failed todemonstrate what prejudice resulted. Simply that he was convictedand sentenced is not enough.
The sixth assignment of error is overruled.
SEVENTH ASSIGNMENT OF ERROR
 A "REAL" APPEAL IN THIS CASE IS ADDITIONALLY IMPOSSIBLE DUE TO DELIBERATE SUPPRESSION OF VITAL RECORDS.
Morrow complains that the trial court actively suppressed records and other information concerning the proceedings against him. Morrow fails to identify the portions of the record where the "repeatedly advised the court" of those defects, as he now claims. Therefore, this assignment of error fails to conform to the requirements of App.R. 16.
The seventh assignment of error is overruled.
 Conclusion Having overruled the assignments of error presented, we willaffirm Defendant-Appellant Morrow's conviction and sentence.
YOUNG, P.J. and WOLFF, J. and GRADY, J., concur.
Copies mailed to:
Michael A. Mayer, Esq.
James D. Morrow
Hon. Catherine M. Barber